

U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Northern Division*



*Rod J. Rosenstein*
*United States Attorney*

*Judson T. Mihok*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4903*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*
*Judson.Mihok@usdoj.gov*

February 28, 2011

Patrick Kent, Esq.
Assistant Federal Public Defender
Tower II, Suite 1100
100 South Charles Street
Baltimore, Maryland 21201

    Re:    <u>United States v. Lawrence Franklin King III, Criminal No. WMN 10-0747</u>

Dear Mr. Kent:

    This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by March 21, 2011, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.    The Defendant agrees to plead guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to the one count Indictment now pending against him, which charges him with Possession of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §2252(a)(4)(B). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court. The Defendant will also agree to sign a consent effectively admitting the Forfeiture Allegation.

### Elements of the Offense

2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial, are as follows:

      a.      That on or about October 1, 2010, in Maryland, the defendant knowingly possessed a computer hard drive that contained at least one image of child pornography; and

      b.      That such image or images contained on the hard drive had been transported in interstate or foreign commerce, including by computer, or that such image or images had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; and

      c.      That at the time of such possession the defendant knew that such image or images contained on the hard drive constituted child pornography.

## Penalties

3.      a.      The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty (with a qualifying prior conviction for an offense outlined in 18 U.S.C. § 2252(b)(2)) is as follows: **imprisonment for not less than ten (10) years** and not more than 20 years, followed by a term of supervised release of not more than life and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

      b.      The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

---

[1]      Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

## Waiver of Rights

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

        a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

        b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

        c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

  g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

  h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

6.      Factual and Advisory Guidelines Stipulation

  a. This Office and the Defendant understand, agree and stipulate to the Statement of Facts as set forth in Attachment A hereto which would be proved beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

    (i) The base offense level is eighteen (18) pursuant to U.S.S.G § 2G2.2(a)(1).

    (ii) Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the offense involved a prepubescent minor.

    (iii) Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the offense involved the use of a computer.

    (iv) Pursuant to U.S.S.G. § 2G2.2(b)(4), there is a four (4) level increase because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

    (v) Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), there is a five (5) level increase because the offense involved 600 or more images of child pornography.

    (vi)    This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about his involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (vii) attempts to withdraw his plea of guilty.

    (vii)    Thus the adjusted offense level for Count One is **28**.

    (viii)    The parties further stipulate and agree that the Defendant has a qualifying prior conviction for an offense outlined in 18 U.S.C. § 2252(b)(2), resulting in a statutory mandatory minimum of 10 years imprisonment.

7.    The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.    This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

### Obligations of the United States Attorney's Office

9.    At the time of sentencing, this Office will recommend a sentence of 120 months and a lifetime of supervised release pursuant to Paragraph 11.

10.    The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct. Should the defendant choose to file a sentencing memorandum in this matter, the defendant agrees to file any such memorandum ten business days prior to the date of sentencing.

### Rule 11 (c) (1) (C) Plea

11.     The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 120 months and a lifetime of supervised release is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

### Waiver of Appeal

12.     The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal the 120 month term of imprisonment and the lifetime of supervised release agreed to in this case, as well as whatever fine or order of restitution that may be imposed, and any issues that relate to the establishment of the advisory guidelines range. Nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Court Not a Party

13.     The Defendant expressly understands that the Court is not a party to this agreement, except as modified by Paragraph 11. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction,

promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Forfeiture

14. The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement from his residence (9916 Golf Course Rd., Trailer #83, Ocean City, MD) on October 1, 2010, including, but not limited to: a Western Digital External Drive, S/N: WXN0AC953965; a Gateway laptop computer, model MT6451 (S/N: T027111042921); and any CDs, DVDs or other storage media containing visual depictions of minors engaged in sexually explicit conduct. He further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

### Agreement Does Not Cover Production of Child Pornography Or Sexual Activity with a Minor

15. The parties agree and understand that this plea agreement is being entered into prior to a full and complete forensic examination of the Defendant's computer(s) and other electronic media. Should such examination result in evidence that the Defendant was involved in the production of child pornography or any sexual activity with a child, this Agreement would not prevent the United States in any way from prosecuting said offenses.

### Entire Agreement

16. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Addendum, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and addendum and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Judson T. Mihok
Assistant United States Attorney

Letter to Patrick Kent
February 28, 2011
Page 8

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

X *March 21, 2011*
Date

X *Lawrence F. King*
Lawrence Franklin King III

I am Lawrence Franklin King III's attorney. I have carefully reviewed every part of this agreement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

3-21-11
Date

*[signature]*
Patrick Kent, Esq.

## ATTACHMENT A

**The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.**

On or about December 3, 2002, Lawrence Franklin KING III, born in 1969, was sentenced to ten years of incarceration (all suspended) based upon his conviction for Sexual Abuse of a Child/Assault Second Degree in the Circuit Court of Baltimore City, Case Number 102193034. The facts underlying that conviction involved the repeated sexual abuse of a minor male over a three year period. The sexual abuse started when the victim was 11 years old and the defendant was 30 years old. As a result of the conviction, the defendant was required to register as a sexual offender.

In or about and between July and August 2010, law enforcement received a complaint regarding child pornography involving KING. That investigation culminated in the execution of a search warrant at KING's residence, located at 9916 Golf Course Road, Trailer #83, Ocean City, MD, by law enforcement on October 1, 2010.

Pursuant to that search warrant, law enforcement officers seized a laptop computer with accompanying Western Digital External Drive, S/N: WXN0AC953965. Files that contained visual depictions, specifically images of minors engaged in sexually explicit conduct, were located through forensic analysis of the computer's hard drive.

In total, there were over 600 videos and images of children engaged in sexually explicit conduct. The depictions included images of prepubescent children (under the age of 12) engaged in sexually explicit conduct, as well as images/depictions of sadistic and masochistic activity

involving minors. Two of those visual depictions are further described as follows: (1) a file entitled "PIC 7(2).jpg" which depicts a minor female lying down being vaginally penetrated by a male; and (2) a file titled "RF#7_001_07.avi" which is a video that depicts two naked prepubescent males, one whom has his hands tied behind his back while the other is performing oral sex on him.

On October 1, 2010, after knowingly, intelligently and voluntarily waiving his rights pursuant to *Miranda*, KING was questioned about child pornography and provided the following information, in sum or substance. KING stated that he has been viewing child pornography for the last 10 to 15 years. KING said he downloaded "a couple thousand" images of child pornography from the internet, mostly image (or "jpg") files which remained stored on his computer in folders labeled "My Pics" and "My Images". KING explained he possesses child pornography on his Gateway laptop computer, DVDs, CDs and a 200 GB Western Digital external hard drive and that he had to move child pornography from his laptop to CDs and DVDs to free up space on his laptop. KING organizes his child pornography files by age and gender, then preteen and teen and collects "everything from infant on up", but mostly collected images of boys. KING's "preferred" age range for child pornography of minor males is eleven to thirteen. KING masturbates to images in that age range. KING said he spends an hour "pretty much every" day looking at child pornography, which did not include time spent searching for and downloading child pornography. KING admitted he did have urges when seeing young boys in the neighborhood, but said he did not act on those urges. KING also acknowledged his prior conviction and added that he had not been arrested since then.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

X _March 21, 2011_  
Date

_____  
Lawrence Franklin King III

_3-21-11_  
Date

_____  
Patrick Kent, Esquire

3